Donald Ernest **ALLEE**, Plaintiff—Appellant,

v.

**OREGON DEPARTMENT OF CORRECTIONS; et al.,** Defendants—Appellees.

No. 08–35077.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Donald Ernest Allee, an Oregon state prisoner, appeals pro se from the district court's summary judgment in his action alleging constitutional violations under 42 U.S.C. § 1983 and violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Carver v. Lehman,* 558 F.3d 869, 872 (9th Cir.2007), and we affirm.

The district court properly determined that Allee's section 1983 claims against the Oregon Department of Corrections were barred under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that Eleventh Amendment bars § 1983 actions against state agencies).

The district court properly granted summary judgment on Allee's First Amendment claim because the prison's decision to punish Allee for mailing a flier that advocated the use of violence was reasonably related to legitimate penological interests. *See Witherow v. Paff,* 52 F.3d 264, 266 (9th Cir.1995) (per curiam) ("[p]reventing prisoners from disseminating offensive or harmful materials clearly advances the [legitimate penological interests of the] orderly administration of prisons [and] the rehabilitation of prisoners"); *see also Turner v. Safley,* 482 U.S. 78, 89–

Donald Ernest Allee, Ontario, OR, pro se.

Samuel Kubernick, Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (discussing factors relevant to inquiry into whether regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests).

■ The district court properly granted summary judgment on Allee's Eighth Amendment claim regarding a knee injury, because Allee failed to controvert defendants' medical evidence showing that Allee's condition might improve with increased walking, and that a wheelchair and cane were not medically necessary. *See Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir.2004) ("to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard for an excessive risk to the prisoner's health").

All defendants were entitled to summary judgment on Allee's ADA claim because Allee did not set forth any facts showing that he was discriminated against by reason of the alleged disability. *See Rodde v. Bonta,* 357 F.3d 988, 995 (9th Cir.2004) (listing requirements to establish an ADA violation).

The district court did not abuse its discretion in denying Allee's motions for leave to amend because the motions failed to comply with local rules. *See Ward v. Circus Circus Casinos, Inc.,* 473 F.3d 994, 1000 (9th Cir.2007).

The district court did not abuse its discretion in denying Allee's October 24, 2007 motion to compel because the motion did not specify what discovery materials he sought. *See Hall v. Norton,* 266 F.3d 969, 977 (9th Cir.2001) ("We review for abuse of

discretion the district court's decision to deny discovery.").

**AFFIRMED.**